HOMER C. MITTELSTADT, Corporation Counsel Eau Claire County
You request my opinion on the applicability of the replat provisions of ch. 236, Stats., in two particular factual settings. The situations you postulate are the following:
 Situation #1 — a single lot:, situated within a recorded subdivision, is divided into two parcels, both of which satisfy state and local minimum lot size requirements.
 Situation #2 — two adjacent lots, situated within a recorded subdivision, are each divided into two parts, and the parts of each lot adjacent to the common lot boundary are combined as one parcel, creating in effect three parcels, each of which satisfies state and local minimum lot size requirements.
Section 236.02 (13), Stats., provides: *Page 81 
 "`Replat' is the process of changing, or the map or plat which changes, the boundaries of a recorded subdivision plat or part thereof. The legal dividing of a large block, lot or outlot within a recorded subdivision plat without changing exterior boundaries of said block, lot or outlot is not a replat."
In Situation #1, since the division of that single lot into two parcels does not involve a change in the exterior boundaries of that lot, such division does not constitute a replat.
However, it should be noted, as pointed out in OAG 36-74 (April 26, 1974), that every division of a platted lot is subject to sec. 236.335, Stats., which provides in part:
 "No lot or parcel in a recorded plat shall be divided, or thereafter used if so divided, for purposes of sale or building development if the resulting lots or parcels do not conform to this chapter or any applicable ordinance of the approving authority or the rules of the department of health and social services under s. 236.13 . . . ."
That opinion indicated that the division or a lot into two parcels not meeting the minimum lot size requirements of sec.236.16 (1), Stats., or a local ordinance, was prohibited by ch. 236, Stats. Since the parcels resulting from the division in Situation #1 satisfy state and local minimum lot size, such a division would be permissible, providing other relevant state and local restrictions have been satisfied.
The answer to the question raised by Situation #2 can be resolved by the same analysis as applied above. If each adjoining single lot is divided into two parts or parcels, each of which meets the minimum lot size requirements set forth in sec. 236.16
(1), Stats., the effect as to each individual lot is really the same as in Situation #1. As pointed out in reference to Situation #1, as long as the state and local requirements previously referred to are met by each newly-created part or parcel (two in each lot), the division is legal and no replat occurs. In such a case. The subsequent sale of the two adjoining parts, one from each of the original lots, to a third party would not appear relevant to the validity of the division or involve a replat. As was stated in OAG 36-74, supra,
 "Generally speaking, if the parcels resulting from a division of a platted lot are in conformity with sec. 236.16 *Page 82 
(1), Stats., then, of course, a conveyance and subsequent use of those parcels for building development is permissible. Further, if two such adjoining parcels, located in two adjacent platted lots, are conveyed for use as a single building site, then in my opinion, a building could properly be constructed across the platted lot line, if such construction was otherwise in compliance with local regulations."
The validity of a division of a platted lot must, therefore, be determined on the basis of the division, and not on the basis of the subsequent disposition of the resulting parcels. In each situation, if each parcel created satisfies pertinent state and local restrictions, no replat is involved and the division is not prohibited by ch. 236, Stats.
However, in Situation #2, it is not clear that either of the two parts of the adjoining platted lots used to create the third parcel would individually satisfy state and local minimum lot size requirements. It is possible that such requirements are only satisfied by combining such parts. If such is the case, the act of division actually results in the elimination of the common boundary of the adjacent lots and the substitution therefor of two new boundaries which serve to set off the newly-created third parcel. Such a division would involve a replat.
BCL:JCM